IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUSHCRUNCH STUDIO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 25-cv-08157 |

**COMPLAINT**

BlushCrunch Studio LLC ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

---
[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products that are unauthorized copies of the federally registered Dandy's World copyrighted works (the "Unauthorized Dandy's World Products") to residents of Illinois. Each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale Unauthorized Dandy's World Products. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Dandy's World Products to unknowing consumers. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of the registered Dandy's World copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Dandy's World Products over the Internet. Plaintiff has been and continues to be irreparably damaged through the infringement of the registered Dandy's World copyrighted works as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff BlushCrunch Studio LLC is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 7901 4th Street N Ste 300, St. Petersburg, Florida 33702.

5. Long before Defendants' acts described herein, Plaintiff created the Dandy's World online video game in 2024. When it launched, Dandy's World immediately became an enormously successful online video game experience and a global phenomenon. Dandy's World is carried exclusively on www.roblox.com ("Roblox"),[2] a premier online gaming platform. Dandy's World has accumulated over 3 billion visits on Roblox since it was created in 2024.

6. Out of more than 40 million games that are live on the Roblox platform since its launch, Dandy's World has performed as a top-ten game.[3] Dandy's World is played each day by gamers from countries around the world, including the United States.

7. The Dandy's World video game has gained wide exposure on platforms such as YouTube and Twitch. For example, playthrough videos of Dandy's World gameplay have received millions of views on YouTube.

8. Dandy's World is a survival horror game in which the player plays as characters known as Toons. The player must solve puzzles and complete tasks in order to progress further, all while avoiding the game's main antagonists, Twisteds. The Toons, Twisteds, and other characters associated with the game have gained significant popularity and are invaluable assets

---

[2] Over the past two decades, Roblox, now a $63 billion company, has developed one of the top online platforms for games and other experiences. The success of Roblox's platform is based on its innovative, groundbreaking technology and content that Roblox provides to its users and developers for use on the platform. In the fourth quarter of 2024, there were, daily, 85.3 million active users and 18.7 billion engagement hours.

[3] Its top-ten ranking is based on active players and player popularity ratings.

of Plaintiff. Some of the Dandy's World copyrighted Toons, Twisteds, and other characters are displayed in the following chart:







9. In addition to the popular video game, a variety of authorized products are available, including plush dolls and keychains (collectively, the "Dandy's World Products"). Dandy's World Products typically include at least one of the registered Dandy's World copyrighted works.

10. Dandy's World Products are distributed and sold to consumers through Plaintiff's website at dandysworld.gg. Genuine Dandy's World Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with Plaintiff's Dandy's World game and brand.

11. Plaintiff has registered its Dandy's World copyrighted works (the "Dandy's World Copyrighted Works") under U.S. Copyright Registration No. VAU 1-543-072, issued by the Register of Copyrights on December 23, 2024, U.S. Copyright Registration No. VAU 1-543-073, issued by the Register of Copyrights on December 23, 2024, U.S. Copyright Registration No. VAU 1-543-075, issued by the Register of Copyrights on December 23, 2024, U.S. Copyright Registration No. VAU 1-543-076, issued by the Register of Copyrights on December 23, 2024, U.S. Copyright Registration No. VAU 1-543-079, issued by the Register of Copyrights on December 23, 2024, U.S. Copyright Registration No. VAU 1-543-083, issued by the Register of Copyrights on December 23, 2024, U.S. Copyright Registration No. VAU 1-543-086, issued by the Register of Copyrights on December 23, 2024, and U.S. Copyright Registration No. VAU 1-543-087, issued by the Register of Copyrights on December 23, 2024. True and correct copies of records from the U.S. Copyright Office website for the Dandy's World Copyrighted Works are attached hereto as **Exhibit 1**.

12. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Dandy's World Copyrighted Works to the public.

13. Since their first publication, the Dandy's World Copyrighted Works have been continuously used in Plaintiff's video game and are featured on Roblox and other platforms such as YouTube.

**The Defendants**

14. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief,

Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

15. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

16. The success of the Dandy's World video game and brand have resulted in significant copying of the Dandy's World Copyrighted Works. Consequently, Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Plaintiff has identified numerous fully interactive e-commerce stores offering Unauthorized Dandy's World Products on online marketplace platforms such as PayPal, Amazon, eBay, Walmart, and Temu including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. At last count, global trade in infringing and pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports, according to the Organization

for Economic Cooperation and Development (the "OECD").[4] The primary source of all those infringing goods, the OECD and others say, is China.[5]

17. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[6] Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.[7] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.[8] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[9]

18. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds

---

[4] *See* Press Release, Organization for Economic Cooperation and Development, *Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.
[5] *Id.; See also, Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*, U.S. Customs and Border Protection.
[6] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.
[7] *Id.* at p. 22.
[8] *Id.* at p. 39.
[9] Chow, *supra* note 6, at p. 186-87.

from U.S. bank accounts, and, on information and belief, have sold Unauthorized Dandy's World Products to residents of Illinois.

19. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to copy and/or distribute the Dandy's World Copyrighted Works, and none of the Defendants are authorized retailers of genuine Dandy's World Products.

20. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

21. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Dandy's World Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

22. Defendants are collectively causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a

single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

23. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

24. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of this Court.

25. Defendants are working knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Dandy's World Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have, knowingly and willfully used and continue to use unauthorized copies of the Dandy's World Copyrighted Works in connection with the advertisement, distribution, offering for sale,

and sale of Unauthorized Dandy's World Products into the United States and Illinois over the Internet.

26. Defendants' copying and use of the Dandy's World Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Dandy's World Products, including the sale of Unauthorized Dandy's World Products into the United States, including Illinois, infringes and continues to infringe the Dandy's World Copyrighted Works and is irreparably harming Plaintiff.

**COUNT I**
**COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION**
**(17 U.S.C. §§ 106 AND 501)**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. The Dandy's World Copyrighted Works constitute original works and are copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

29. Plaintiff is the owner of the Dandy's World Copyrighted Works. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Dandy's World Copyrighted Works. The Dandy's World Copyrighted Works are protected by Copyright Registration Nos. VAU 1-543-072, VAU 1-543-073, VAU 1-543-075, VAU 1-543-076, VAU 1-543-079, VAU 1-543-083, VAU 1-543-086, VAU 1-543-087, which were duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in the Dandy's World Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

30. The Dandy's World Copyrighted Works are published on the Internet and are available to Defendants online. As such, Defendants had access to the Dandy's World Copyrighted Works via the Internet.

31. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating the Dandy's World Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Dandy's World Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Dandy's World Copyrighted Works. Such conduct infringes and continues to infringe the Dandy's World Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

32. Defendants reap the benefits of the unauthorized copying and distribution of the Dandy's World Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Dandy's World Products.

33. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized Dandy's World Products that capture the total concept and feel of the Dandy's World Copyrighted Works.

34. On information and belief, Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to, Plaintiff's rights.

35. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

36. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502,

Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the Dandy's World Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Dandy's World Copyrighted Works in any manner without the express authorization of Plaintiff;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Dandy's World Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale bearing the Dandy's World Copyrighted Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Dandy's World Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Dandy's World Copyrighted Works and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Dandy's World Copyrighted Works;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as PayPal, eBay, Amazon, Walmart, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Dandy's World Copyrighted Works;

3) As a direct and proximate result of Defendants' infringement of the Dandy's World Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

4) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 7 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

6) Award any and all other relief that this Court deems just and proper.

Dated this 17th day of July 2025.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Andrew D. Burnham
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
aburnham@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff BlushCrunch Studio LLC*